Case 1:01-cr-00257-CC-ECS   Document 179   Filed 03/29/06   Page 1 of 5

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAR 2 9 2006

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

# United States Court of Appeals
## For the Eleventh Circuit

No. 05-12339

District Court Docket No.
01-00257-CR-CC-1

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Jan 31, 2006

THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

versus

ISIASH RIECO KEYES,

    Defendant-Appellant.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

Appeal from the United States District Court
for the Northern District of Georgia

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

ISSUED AS MANDATE
MAR 28 2006
U.S. COURT OF APPEALS
ATLANTA, GA.

Entered:    January 31, 2006
For the Court:    Thomas K. Kahn, Clerk
By:    Gilman, Nancy

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAR 2 9 2006

LUTHER D. THOMAS, Clerk
By:
Deputy Clerk

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

---

No. 05-12339
Non-Argument Calendar

---

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 31, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 01-00257-CR-CC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ISIASH RIECO KEYES,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Northern District of Georgia

---

(January 31, 2006)

Before DUBINA, HULL and WILSON, Circuit Judges.

PER CURIAM:

Isiash Rieco Keyes appeals his 181-month sentence imposed after he was convicted of bank robbery, in violation of 18 U.S.C. § 2113(a) and (d) ("Count

One"), and use of a firearm during the commission of the crime, in violation of 18 U.S.C. § 924(c) ("Count Two"). Keyes was originally found guilty not only on Counts One and Two, but also on a separate count of carjacking ("Count Three"), and was sentenced to a total of 219 months' imprisonment, the bottom-end of the Guidelines range.[1] On appeal, however, we vacated Keyes's conviction for carjacking as well as his sentence, and remanded for resentencing "limited to correcting any errors resulting from the erroneous carjacking conviction." *United States v. Keyes*, No. 02-10419 (11th Cir. July 18, 2002) (unpublished). At resentencing, the district court readjusted the Guidelines offense level in order to comply with our mandate, and again sentenced Keyes at the bottom of the Guidelines range, to a total of 181 months.[2] As Keyes was not advised of his right to appeal this sentence, however, he moved for a new judgment in order to protect his right of appeal. The district court granted the motion and Keyes then filed a notice of appeal. We vacated the district court's order, however, so that it could enter a new judgment pursuant to the procedural requirements of *United States v. Phillips*, 225 F.3d 1198 (11th Cir. 2000). The district court then conducted a third

---

[1] The district court sentenced Keyes to 135 months on Counts One and Three, to be served concurrently, and 84 months on Count Two, to be served consecutively to the sentence imposed on Counts One and Three.

[2] The district court sentenced Keyes to 97 months on Count One, with a consecutive sentence of 84 months on Count Two.

2

resentencing, and imposed a sentence identical to that imposed at the previous resentencing.

On appeal from his third resentencing, Keyes asserts–for the first time–that the district court erred in enhancing his sentence, under a mandatory Guidelines regime, based on facts that were neither admitted by him nor found by a jury, in violation of *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). Keyes also claims that his trial counsel's failure to raise a constitutional objection at sentencing denied him effective assistance of counsel.

Keyes could have raised his present constitutional objections in his first appeal, but failed to do so.[3] Thus, he cannot raise them now. *See United States v. Dockery*, 401 F.3d 1261, 1262-63 (11th Cir.) (per curiam) (deeming *Booker* issue abandoned where, in initial appeal, appellant did not raise a constitutional challenge to his sentence or assert error based on *Apprendi*, or any case extending or applying the *Apprendi* principle), *cert. denied*, __ U.S. __, 126 S. Ct. 442, 163 L. Ed. 2d 336 (2005); *United States v. Vanorden*, 414 F.3d 1321, 1323 (11th Cir.) (per curiam) ("Because Van Orden did not challenge his sentence on Sixth Amendment-*Apprendi-Blakely-Booker* grounds in his first trip through this circuit, this argument is 'deemed abandoned.'"), *cert. denied*, __ U.S. __, 126 S. Ct. 633,

---

[3] Although Keyes did object to the application of various sentencing enhancements before the district court in his first appeal, he did not do so on constitutional grounds.

3

__ L. Ed. 2d __ (2005); *United States v. Nunez*, No. 04-10463 (11th Cir. June 28, 2005) (per curiam) (unpublished) ("[W]e further now consider Nunez's sentence in light of *Booker* and conclude that Nunez abandoned any *Apprendi / Blakely / Booker* claim by not timely raising a constitutional challenge to his sentence in his initial briefs in his two prior appeals.").

We decline to consider Keyes's ineffective assistance of counsel claim, on which a factual record has not been properly developed in the district court. *See United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002).

**AFFIRMED.**

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia